**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Kortek Industries Pty Ltd**. | |
| Plaintiff, | Civil Action No. 6:22-cv-00490-ADA |
| v. | The Honorable Alan D. Albright |
| **Chengdu Meross Technology Co., Ltd.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO**
**EFFECT ALTERNATIVE SERVICE ON DEFENDANT**

Plaintiff Kortek Industries Pty Ltd. ("Plaintiff" or "Kortek") files this Motion and respectfully seeks leave to serve the summons and complaint on Chengdu Meross Technology Co., Ltd., ("Defendant" or "Meross") through its U.S. counsel, et al. as follows:

## I.   BACKGROUND/ PARTIES

Plaintiff Kortek is a limited by shares Australian proprietary (private) company with its principal place of business located at 34-691 Brunswick St, New Farm, QLD 4005, Australia. Kortek is an Australian engineering firm that develops sensors, controllers, and gateways for building cloud connected systems. DE1 at ℙ 1.

Upon information and belief, Defendant Meross is a limited liability company organized and existing under the laws of the People's Republic of China, with a principal place of business located at No.12, 13th Floor,bldg.,2,No.1366, Middle Section of Tianfu Ave., High-tech Dist. Chengdu, 610000 China. *Id*. at ℙ 2. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas,

1

and otherwise directs infringing activities to this District in connection with its products and services. *Id*. at ⁋ 3.

On May 12, 2022, Kortek filed a complaint in this court alleging claims for patent infringement against Defendant. *Id*. On May 18, 2022 Defendant was served via international mail at their place of business in China. *See* Group Exhibit A. Additionally, Defendant was served at the Texas Secretary of State, who sent registered mail to Defendant's China address on May 23, 2022. *See* Group Exhibit B. Defendant has not yet answered the complaint.

Plaintiff respectfully requests leave to effect service upon Defendant through the alternative means of emailing previous U.S. counsel for Defendant: Mr. Shan Zhu, at shan.zhulaw@gmail.com.

Mr. Shan Zhu has represented Meross on several trademark matters at the USPTO. *See* Group Exhibits C and D.

Plaintiff also respectfully requests leave to effect service upon Defendant through the alternative means of emailing an address believed to belong to Defendant's General Manager and Founder, Eric Wang. *See* Group Exhibits E and G.

Plaintiff also respectfully requests leave to effect service upon Defendant through the alternative means of messaging Defendant's General Manager and Founder, Eric Wang, through his publicly available LinkedIn profile. *See* Group Exhibit E and F.

Plaintiff also respectfully requests leave to effect service upon Defendant through the alternative means of emailing Defendant via the email addresses listed on its website under the heading 'Contact Us". *See* Group Exhibit H

## II.   EVIDENCE

Plaintiff attaches as Group Exhibit A the Affidavit of Service on Chengdu Meross Technology Co. Ltd. in Chengdu, Sichuan, China by registered mail.  *See* Ex. A.

Plaintiff attaches as Group Exhibit B the Certificate of Service on Chengdu Meross Technology Co. Ltd. by physical service on the Texas Secretary of State, who in turn attempted to serve Chengdu Meross Technology Co. Ltd. by registered mail in China.  *See* Ex. B.

Plaintiff attaches as Group Exhibit C the list of trademarks as filed by Meross at the U.S. Patent and Trademark Office.  *See* Ex. C.

Plaintiff attaches as Group Exhibit D the documents listing for U.S> Trademark serial number 90754889, which shows attorney Mr. Shan Zhu as representing Meross.  *See* Ex. D.

Plaintiff attaches as Group Exhibit E the LinkedIn profile page of Eric Wang identifying him as Defendant's current General Manager and Founder.  *See* Ex. E.

Plaintiff attaches as Group Exhibit F the 'Activity' page of Eric Wang's LinkedIn profile detailing his activity on the website being as recent as one month ago.    *See* Ex. F.

Plaintiff attaches as Group Exhibit G a webpage identifying the Meross brand, the Meross website, and an email believed to belong to Defendant's General Manager and Founder.  *See* Ex. G.

Plaintiff attaches as Group Exhibit H a page from Defendant's website containing email addresses under the heading 'Contact Us'. *See* Ex. H.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) governs the service of process on corporations outside the United States. Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under Rule 4(f)(2)(C)(i)." *Id*. Rule

3

4(f) allows service of process by internationally agreed-upon means (e.g., the Hague Convention), and also by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *4 (emphasis in original) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.").

Moreover, a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) before requesting authorization of an alternative method of service under Rule 4(f)(3). *Id*. at 2 (citing *Rio Properties, Inc*., 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.").

Thus, the Court may authorize any alternative method of service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). Additionally, district courts have routinely allowed alternative service upon foreign corporations to be accomplished by serving a United States subsidiary or affiliate of a foreign entity.[1]

---

[1] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (collecting cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (service of Chinese corporate executive allowed via corporation's registered agent in US); *In re GLG Life Tech Corp. Sec. Litig*., 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing

## IV.    ARGUMENT AND AUTHORITIES

### A.    Plaintiff's proposed alternative service under Rule 4(f)(3).

Plaintiff seeks to serve Defendant using the following method: via email on Mr. Shan Zhu, at shan.zhulaw@gmail.com. This individual represented Defendant in the United States as recently as March 31, 2022 and is a member of the law firm SHAN ZHU LAW GROUP P.C.

Plaintiff also seeks to serve Defendant via email to an email address believed to belong to Defendant's General Manager and Founder, Eric Wang.

Plaintiff also also seeks to serve Defendant via messaging Defendant's General Manager and Founder, Eric Wang, through his publicly available LinkedIn profile. Eric Wang's LinkedIn profile indicates his activity on the platform and shows he has engaged with it as recently as one month ago. This activity indicates the likelihood of successful service being high.

Plaintiff also seeks to serve Defendant via email to the email addresses listed on Defendant's website under the heading 'Contact Us".

### B.    This Court may order service by other means to prevent years-long delays in attempting to serve defendants in China via the Hague Convention.

Defendant is an entity organized and existing under foreign laws: DE 1 at ¶ 2. Neither the Hague Convention or any other international agreement prohibits service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019).

---

service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig*., No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (service on six Chinese defendants through California subsidiary granted).

The Court may properly order service by other means for the purposes of saving time and expense, *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *9, and recent cases and statements by the Chinese Central Authority demonstrate that it literally takes *years* to even attempt to effect service in China via the Hague Convention[2]. For example, in *Victaulic*, 2020 U.S. Dist. LEXIS 82150, the plaintiff lost almost three years (more than 34 months) between 2018 and 2020 attempting to effect service via the Chinese Central Authority pursuant to the Hague Convention. Id. at *3. The *Victaulic* court specifically noted that plaintiff's inability to effect service was "not attributable to Plaintiff, but rather stems from the Chinese Central Authority's slow-walk in facilitating the request." *Id*. The decision further documents that "[o]n August 14, 2018, ..., the Ministry of Justice in China noted that service is 'time-consuming and not efficient' and confirmed that it often takes more than two years to complete." *Id*.  And, the COVID-19 pandemic is expected to only further exacerbate the long-standing delays in serving Chinese Defendants via the Hague Convention. E.g., *Victaulic*, 2020 U.S. Dist. LEXIS 82150, at *3-4.

Moreover, serving Defendant through alternative means is justified because the proposed method "will provide reasonable notice and an opportunity to be heard." *Id*. at 3 (citing *Affinity Labs* at *3 ("Due process requires that notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314)). Several courts, including this Court, have permitted effecting service of process upon companies via email. In *Terrestrial Comms LLC v. NEC Corporation*, this Court reasoned that email service upon counsel for NEC Corporation was authorized because "[d]istrict courts routinely direct service on an international defendant's

---

[2] *Victaulic Co. v. Allied Rubber & Gasket Co*., No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *3 (S.D. Cal. May 8, 2020) (finding alternative service under Rule 4(f)(3) necessary due to China's delays in effecting service under Hague Convention).

counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *See Terrestrial Comms LLC v. NEC Corporation*, 6:20-cv-00096-ADA (W.D. Tex. June 24, 2020). The Court also clarified that the key analysis to consider was whether the defendant is reasonably certain to be informed of the pending lawsuits so that it can present its objections, and found that effecting service of process on defendant's known U.S. counsel would allow defendant to be reasonably certain to be apprised of the pending actions. *Id*. at 7-8; *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co*., No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of foreign company); *In re TFT-LCD (Flat Panel) Antitrust Litig*., 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. Counsel of foreign company); *Alu, Inc. v. Kupo Co*., No. 6:06-cv-327-ORL28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan.19, 2007) (allowing email service on a foreign corporation). Email is not only a permissible means of alternative service but has been considered one of the *best* forms of alternative service because it is "aimed directly and instantly" at the foreign defendant. *Rio Properties, Inc*., 284 F.3d at 1018.

### C. There is no international agreement that prohibits serving defendants in China by other means (such as email, social media, and mail).

Neither the Hague Convention nor any other international agreement bars service of the summons and complaint on Defendants via other means. Numerous courts have determined that although China objected to certain articles in the Hague Convention, there is no international agreement that prohibits alternative service of process upon defendants in China via their agents in the U.S. or via email. For these reasons, the Central District of California permitted alternative service upon Chinese defendants via service upon their U.S. counsel and to their designated contact emails in *Likas v. Chinacache Int'l Holdings, Ltd.,* No. CV 19-6942 FMO (SSx), 2020 U.S. Dist.

LEXIS 90923, at *7 (C.D. Cal. Jan. 29, 2020). The Likas court's analysis was thorough and detailed, stating:

> The court first considers whether plaintiffs' proposed alternative means of service [upon defendants in China] are prohibited by international agreement. **The court finds that neither service on [Defendant] ChinaCache's [U.S.] counsel, Simpson Thacher, nor by email is prohibited by international agree ment, including the Hague Convention, even when taking into account China's objections to certain articles of the Hague Convention.** *See, e.g., Juicero, Inc. v. Itaste Co.*, 2017 U.S. Dist. LEXIS 86033, 2017 WL 3996196, *2 (N.D. Cal. 2017) **(finding that service on Chinese defendants' U.S.-based counsel not prohibited by the Hague Convention)** … *Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.*, 2017 WL 4536417, *4 (N.D. Cal. 2017) **("China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case.")**; *Secs. and Exch. Comm'n v. China Sky One Med., Inc.*, 2013 WL 12314508, *2 (C.D. Cal. 2013) **("While there is some disagreement on this issue, numerous courts have held that service by e -mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10.")**.

*Likas*, 2020 U.S. Dist. LEXIS 90923, at *6-7 (emphases added).

Moreover, courts have permitted service by social media networking sites such as LinkedIn, Facebook, and Twitter in combination with email service. See WhosHere, Inc. v. Orun, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) ("Turkey has not specifically objected to service by email or social media networking sites which are not explicitly listed as means of service under Article 10."); F.T.C. v. PCCare247 Inc., No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email and Facebook are not among the means listed in Article 10…[s]ervice by Facebook is clearly outside the scope of Article 10."). As noted in PCCare247, 2013 WL 841037, at *5, it is appropriate to include service by social media as "a supplemental means of service" in addition to service by email.  The court explained that the "proposal to serve defendants by both email and Facebook satisfies the due process inquiry." Id. at *6 (emphasis in original).

As demonstrated by these many decisions, there is no international agreement that would prohibit service on Defendant under Rule 4(f)(3) via their company emails, mail to their registered trademark attorney in the U.S., and via social media. Service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad. *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909, at *6 (W.D. Tex. June 17, 2020) (citing *Volkswagenwerk*, 486 U.S. at 707 ("The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service.")). But electronic service by email, as requested here, does not involve the transmittal of documents abroad and does not violate the Hague Convention, *Terrestrial*, 2020 U.S. Dist. LEXIS 106909, at *6, nor does service by mail to addresses in the U.S.[3]

Eric Wang has an account on LinkedIn. *See* Ex. E (https://www.linkedin.com/in/ericinuk). Mr. Wang has been active on this account as recently as one month prior to August 12, 2022, so it is reasonable that he would get notice via the account. *See* Ex. F (https://www.linkedin.com/in/ericinuk/recent-activity/). Thus, for the reasons presented above, and the active existence of his LinkedIn account, it is proper to serve Mr. Wang via his LinkedIn account.

Additionally, Mr. Wang has a work email address associated Meross (eric@meross.com) as shown in Ex. G. *See* Ex. G (http://www.datangyingxiao.com/p/158110.html). And on the

---

[3] Courts have determined "e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention." *Secs. & Exch. Comm'n v. China Sky One Med., Inc.*, No. CV1207543MWFMANX, 2013 WL 12314508, at *3 (C.D. Cal. Aug. 20, 2013) (reviewing cases to determine China's objection to Article 10 does not prevent service by email because it is distinct from postal channels); *see also Sulzer Mixpac AG v. Medenstar Indus. Co.,* 312 F.R.D. 329, 332 (S.D.N.Y. 2015) ("China's objection to service by postal mail does not cover service by email."); *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10.").

Meross website, there is an email address (info@meross.com) for business inquiries which Mr. Wang would be sure to see if served there.  See Ex. H (https://meross.com/About_US).

Finally, Defendant Meross has filed several trademarks at the USPTO.  *See* Ex. C (a list of trademarks filed by Defendant Meross as seen on the USPTO website https://tmsearch.uspto.gov/).   Mr. Shan Zhu is the attorney of record on at least three of these trademark applications, for example serial no. 90754889.  *See* Ex. D. (https://tsdr.uspto.gov/#caseNumber=90754889&caseType=SERIAL_NO&searchType=statusSearch).  Because Mr. Shan Zhu has represented Meross in these matters as a U.S. attorney, it is therefore proper as shown *supra* to effect service on him via email under Rule 4(f)(3).

## V.    CONCLUSION

For the above-enumerated reasons, Plaintiff respectfully requests the Court to grant this motion and enter an order authorizing alternative service of process on Defendant Meross through e-mail upon former U.S. counsel, email to an email address believed to belong to Defendant's General Manager and Founder, message via LinkedIn to Defendant's General Manager and Founder, and email to email addresses listed by Defendant on its website under the heading of 'Contact Us' pursuant to Rule 4(f)(3).

Dated: August 15, 2022

Respectfully submitted,

By: /s/ Erick S. Robinson

10

Erick S. Robinson
Texas Bar No. 24039142
Spencer Fane LLP
3040 Post Oak Boulevard
Suite 1300
Houston, TX 77056
Telephone: (713) 212-2638
Mobile: (713) 498-6047
Fax: (713) 963-0859
erobinson@spencerfane.com
*Attorneys for Kortek Industries Pty Ltd.*

11