IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KORTEK INDUSTRIES PTY LTD.,<br>Plaintiff,<br><br>v.<br><br>CHENGDU MEROSS TECHNOLOGY<br>CO., LTD.,<br>Defendant. | §<br>§<br>§<br>§  NO. 6:22-CV-00490<br>§<br>§<br>§<br>§<br>§ |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO
EFFECT ALTERNATIVE SERVICE ON DEFENDANT [ECF No. 5]**

Came on for consideration this date is Plaintiff's Motion for Leave to Effect Alternative Service on Defendant. ECF No. 5 (the "Motion"). After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion without prejudice.

## I. BACKGROUND

Plaintiff Kortek Industries Pty Ltd. ("Kortek") sued Chengdu Meross Technology Co., Ltd. ("Meross") on May 12, 2022, alleging patent infringement. ECF No. 1. Kortek alleges that Meross is a limited liability company organized and existing under the laws of the People's Republic of China, with a principal place of business in China. ECF No. 5. Kortek seeks an order from the Court permitting alternative service on Meross pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States is to be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R.

1

Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

### III. ANALYSIS

The Court will not permit alternative service here where Kortek has not shown that it made any effort to serve Meross through other, more traditional means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).

However, as this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases). Indeed, this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, the Court will, consistent with its recent practice, exercise its discretion to deny Plaintiff's motion for alternative service for failing to describe

2

Plaintiff's efforts to serve Defendant through more conventional means, like service under the Hague Convention. *See Zanoprima Lifesciences, Ltd. v. Hangsen Int'l Grp.,* No. 6:22-CV-00268-ADA, 2022 U.S. Dist. LEXIS 72194, at *2 (W.D. Tex. Apr. 20, 2022) (denying alternative service on a Chinese defendant where the plaintiff failed to identify any attempt at more conventional service); *Aprese Sys. Tex., LLC v. Audi AG*, No. 6:21-CV-01014-ADA, 2022 U.S. Dist. LEXIS 53901, at *8 (W.D. Tex. Mar. 25, 2022) (same, on a German defendant); *Guangzhou Jinli Elec. Tech. Co. v. Shenzhen Damuzhi Health Info. Consulting Co.*, No. W-21-CV-01383-ADA, 2022 U.S. Dist. LEXIS 9171, at *2 (W.D. Tex. Jan. 19, 2022) (same, on a Chinese defendant); *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 U.S. Dist. LEXIS 222677, at *6 (W.D. Tex. Nov. 18, 2021) (same, on a Dutch defendant); *Monolithic Power Sys. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2021 U.S. Dist. LEXIS 205909, at *4 (W.D. Tex. Oct. 25, 2021) (same, on a Chinese defendant); *Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec. Inc.*, No. 6:21-CV-00423-ADA, 2021 U.S. Dist. LEXIS 185134, at *2 (W.D. Tex. Sep. 27, 2021) (same, on a Japanese defendant).

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED** without prejudice.

SIGNED this 13th day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE